F. M. RAY, ET AL. *v.* LIFE ASSOCIATION OF AMERICA.

[Abstract Kentucky Law Reporter, Vol. 6—515.]

**Conveyance of Husband to Defraud Creditors.**

A man's property is liable for his debts and a conveyance by him to secure the debt of his wife incurred in the purchase of other real estate will not be effective to prevent the husband's prior creditors from subjecting such real estate to their claims. While the conveyance made by him amounts to a mortgage it is second to the claims of prior creditors.

### APPEAL FROM HICKMAN CIRCUIT COURT.

January 17, 1885.

OPINION BY JUDGE PRYOR:

The conveyance of the one hundred acres of land to the appellee was made as the entire proof shows in good faith and with a view of securing to appellee the purchase money for the land sold to the wife of H. M. Ray. This was a valuable consideration and can not affect the rights of the appellee, but at the same time, it being apparent that the conveyance was of land belonging to the husband, neither the wife nor the husband nor the children will be allowed to hold it as against the creditors of the husband in existence prior to its execution. Therefore, when the 260 acre tract is sold, if it should pay the debt to the company the one hundred acres should be sold to pay appellants' debt, or so much of the one hundred acres if sold or its proceeds left after paying appellee's debt should be paid to the creditor, the appellee, to the extent of his debt, interest and costs. It is not ncessary to notice the claim of Anderson. It should so far as these parties are concerned have been disregarded.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Geo. L. Husbands, for appellants.*